UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TRAVIS BRENT OWENBY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-130-DCLC-CRW |
| | ) | |
| U.S. ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's filing that he calls a petition for a writ of habeas corpus [Doc. 2] from Petitioner, a federal pretrial detainee who is currently housed in the Butner Federal Medical Center in Butner, North Carolina due to criminal charges against him in a proceeding before this Court, *United States v. Owenby*, 2:19-CR-080-DCLC-CRW-1 (E.D. Tenn., filed June 11, 2019) [*Id.* at 2]. In this filing, Petitioner requests that the Court locate a habeas corpus petition filed by a separate prisoner and file it on Petitioner's behalf in this case and sets forth a number of complaints about the conditions of his federal confinement and other incidents during that confinement [*Id.*].

First, Petitioner recently filed a habeas corpus petition under § 2241 in this Court in which he sought to challenge his pretrial detention and set forth allegations regarding the conditions of his confinement that the Court transferred to the United States District Court for the Eastern District of North Carolina. *Owenby v. United States*, 2:20-CV-113-DCLC-CRW (E.D. Tenn. June 11, 2020). As Petitioner arguably sets forth new claims in his most recent filing and this Court lacks jurisdiction over Petitioner's claims for § 2241 relief and is not the correct venue for any claims for § 1983 relief as set forth more fully herein, however, the Court will transfer this action

to the Eastern District of North Carolina to allow that Court to determine the best way to address Petitioner's duplicative and/or new claims in this action.

Specifically, to the extent that Petitioner seeks habeas corpus relief from his pretrial detention in the instant action, these claims are governed by 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). A writ of habeas corpus pursuant to § 2241 may be granted by "the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this provision as requiring jurisdiction over a habeas petitioner's custodian, regardless of whether the petitioner is within the court's jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (holding that the proper respondent for a habeas corpus action "is 'the person' with the ability to produce the prisoner's body before the habeas court"). As this Court lacks jurisdiction over the Warden of the Butner Federal Medical Center in Butner, North Carolina, where Petitioner is confined, it lacks jurisdiction over Petitioner's claims for relief under § 2241.

This Court also is not the proper venue for any claims for § 1983 relief arising out of the conditions of Petitioner's confinement in Butner, North Carolina that he seeks to assert in this action. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).

2

The Court therefore concludes that the proper venue for this case is United States District Court for the Eastern District of North Carolina. 28 U.S.C. §§ 113(a); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). Accordingly, the Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Eastern District of North Carolina and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R:**

s/Clifton L. Corker
United States District Judge